IN THE DISTRICT COURT OF MUSKOGEE COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| OKLAHOMA NATURAL GRASS, an Oklahoma Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> ONE GAS, INC. d/b/a OKLAHOMA NATURAL GAS, an Oklahoma corporation, <br><br> Defendant. | Case No.: CV-19-390 |

## PETITION

1. Pursuant to 12 Okla. Stat. §§ 1651 and 1652 Plaintiff seeks a declaratory judgment from the Court of non-infringement of a state trademark owned by ONE Gas, Inc. d/b/a OKLAHOMA NATURAL GAS ("Defendant").

2. Defendant asserts that Plaintiff is infringing its trademark by using the name OKLAHOMA NATURAL GRASS and ONG in connection with Plaintiff's medical marijuana dispensary and other businesses. Plaintiff denies that it is infringing on Defendant's state trademark in any way by using the name OKLAHOMA NATURAL GRASS and the acronym ONG in connection with its businesses.

## PARTIES AND VENUE

3. Plaintiff is a limited liability company organized and existing under the laws of the State of Oklahoma with its principal place of business in Muskogee, Oklahoma and multiple locations in and around that geographic focal point.

4. Defendant is a corporation organized under the laws of the State of Oklahoma with its principal place of business in Tulsa, Oklahoma. Defendant's registered agent for service of process is represented to be National Registered Agents, Inc of Oklahoma located at 1833 South Morgan

Road, Oklahoma City, Oklahoma 73128. Defendant provides natural gas utility services to 38,000 utility customers in Muskogee, Oklahoma and provides such services to circa two million customers around Oklahoma.

5. Since the events at issue in this case arose in Muskogee County, venue is proper in this County.

## ALLEGATIONS

6. Plaintiff started using the names Oklahoma Natural Grass and ONG in association with the advertising of its business and products in August of 2018. After that date, Plaintiff began work constructing facilities to serve as dispensaries and other types of facilities in the medical cannabis industry including, but not limited to grow operations and processing.

7. Defendant has registered the words "Oklahoma Natural Gas" as an Oklahoma trademark with registration number of 12471456 ("Defendant's State Trademark").

8. Defendant secured a federal trademark on its logo, but in doing so, completely disclaimed the right to use "Oklahoma Natural Gas" apart from its logo. This disclaimer recognized that Defendant's word mark is descriptive, not distinctive.

9. Plaintiff's mark and Defendant's mark are in completely different classes of goods, marketed through completely different commercial channels, and will never be in competition in the same market. No reasonable consumer would expect Defendant to be affiliated with Plaintiff's cannabis businesses. No likelihood of actual confusion exists.

10. In addition to Plaintiff's mark and Defendant's mark being in entirely different classes of goods, the logos are completely different. Plaintiff's mark consists of three concentric circles with the words OKLAHOMA NATURAL GRASS in between the two larger circles and a scissor-tailed flycatcher holding a marijuana leaf in the center. Defendant's mark is a crescent moon shape

forming a stylized letter "O" with crescent moon shapes forming a stylized letter "G" which is superimposed on a letter "O."

11. A valid trademark infringement claim in Oklahoma requires a likelihood of consumer confusion between marks or deception as to the origin of the goods because of the similarity of the marks. 78 Okla. Stat. § 31.

12. The marks themselves, as described above, are completely different and pose no risk of consumer confusion between the two marks.

13. Additionally, the marks are in entirely different classes, are marketed by completely different channels of commerce, and will never be in competition with one another in the same market.

14. It is for these reasons Oklahoma Natural Grass is not infringing on Oklahoma Natural Gas's trademarks.

15. While some states have adopted their own trademark dilution statutes following the adoption of the Federal Trademark Dilution Act, Oklahoma does not recognize trademark dilution as a state cause of action. Dilution is not found in any Oklahoma Statutes or the Oklahoma Constitution.

16. The requirements of a federal trademark dilution claim are found in 15 USCA §1125(c)(1). It states that the owner of a famous, distinctive mark, "shall be entitled to an injunction against another person who, at any time after the owner's mark becomes famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark."

17. 15 USCA § 1125 (c)(2)(A) states that a mark is famous "if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services

of the mark's owner." In determining whether a mark is famous, a court may consider factors such as the geographic reach of the mark, the duration of the mark, the extent of sales of goods or services of the mark, and the actual recognition of the mark. *Id.*

18. Defendant operates mostly in Oklahoma and only offers natural gas utility services. While it may be a widely recognized company for its natural gas services in Oklahoma, recognition of the mark does not extend outside of that single market in a small geographic area.

19. Even if this Court were to find that Oklahoma should recognize trademark dilution as a state cause of action, Defendant's mark does not meet the famousness requirement for a valid dilution claim.

20. There has been significant litigation recently where companies with strong, well-known and nationally established trademarks have sought to stop new cannabis-related companies using names that are similar to the marks of the non-cannabis-related senior user, and in many instances the junior mark has prevailed.

21. Nevertheless, Defendant wrote a cease and desist letter to Plaintiff demanding that Plaintiff cease use of its "Oklahoma Natural Grass" and ONG marks. Inherent in such letters is that failure to follow the command of the author will result in legal action against the recipient of the letter. Wherefor, Plaintiff was put in reasonable apprehension of immediate commencement of legal action by Defendant on and after the July 30, 2019 deadline specified by Defendant in the cease and desist letter.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks a judgment declaring that:

a) Plaintiff's use of "Oklahoma Natural Grass" is not infringing on or diluting (if such a cause of action exists in Oklahoma) Defendant's state trademark on "Oklahoma Natural Gas;"

b) Oklahoma Natural Gas does not have a dilution cause of action, and even if it did, or if the federal antidilution act applied Defendant's mark is not famous enough over a wide enough geographic area to present a valid dilution claim;

c) Plaintiff is entitled to attorney fees and costs associated with responding to Defendant's baseless allegations of trademark infringement.

Respectfully submitted,

_____
D.D. Hayes OBA #4002
Hayes Law Office
222 North 4th St.
Muskogee, OK 74401
Telephone: 918-681-0529
Facsimile: 918-681-0533
Email: hayeslaw2@gmail.com

-and-

/S/ Edward L. White (by permission)
_____
Edward L. White, OBA #16549
Kerry D. Green, OBA #31998
Edward L. White, P.C.
829 East 33rd Street
Edmond, Oklahoma 73013
Telephone: 405.810.8188
Facsimile: 405.608.0971
Email: ed@edwhitelaw.com
       kerry@edwhitelaw.com

*Counsel for Plaintiff*

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**